CHARLES C. REUBEL et al., Plaintiffs, *v.* THOMAS LEWIS, Individually, and as President of Local No. 32E of the Building Service Employees International Union, A. F. of L., et al., Defendants.

Supreme Court, Special Term, Bronx County, July 12, 1943.

*Stanley Faulkner* for plaintiffs.

*Arnold Cohen* for defendants.

EDER, J. Motion for injunction *pendente lite* is denied. There is grave doubt that the plaintiffs have any cause of action. They allege they were illegally " suspended " from Local 32E of Building Service Employees International Union, A. F. of L., in that the president of the defendant union was wholly without power to suspend a member of the union and that such power is possessed by the Executive Board.

The summons and complaint are dated and verified June 25, 1943, and were served on that day, with the order to show cause and accompanying papers; the opposing affidavit of the defendant Lewis, president of the defendant local, which is verified July 1, 1943, alleges unequivocally that the plaintiffs were not suspended or expelled from the union and therefore the action was prematurely brought. It also appears from the supplemental affidavit of Lewis, verified July 2, 1943, that on June 29, 1943, the said Executive Board held a meeting and pursuant to its action written charges were mailed to the plaintiffs by registered mail on July 2, 1943, to be answered at a meeting of the Executive Board to be held on July 6th at the

office of the union. The plaintiffs, in response thereto, on July 6th sent a telegram to the acting chairman of the Executive Board, notifying him they would refuse to appear before the Board. On July 6th, the Executive Board met and acted upon the charges filed against the plaintiffs and it appears that after due deliberation the Board voted that the plaintiffs were to remain indefinitely suspended from the union until such time as they appear before the Executive Board to answer the charges filed against them; notice of this decision was mailed to plaintiffs on July 8th; under section 35 of the by-laws plaintiffs have the right to appeal from such decision.

There is a positive allegation by defendant Lewis that the plaintiffs voluntarily joined the C. I. O., a rival organization, and selected it as their collective bargaining agent; the allegation is that plaintiff Reubel was the leader of a clique, in which the other plaintiffs joined to cause the union employees working at the building concerned to forego their membership in defendant union and become members of the C. I. O., and that they did so. These allegations are undenied by the plaintiffs.

The motion is denied for the reasons that (1) the action is prematurely brought; (2) the plaintiffs having elected not to stand trial but to avail themselves of the right to appeal from the action of the Executive Board of the union must first exhaust all their remedies in the union open to them under the constitution and by-laws before they can resort to the courts for redress (*De Stefano* v. *Papa*, 37 N. Y. S. 2d 950); (3) the plaintiffs having elected to join a rival union and become members thereof each thereby forfeited all standing and rights as a member of the defendant union, and certainly no injunction should issue under those circumstances; and (4) lastly, enough appears in the opposing papers to raise serious doubt as to plaintiffs' good faith and veracity, and present a situation which should not be disposed of on papers, but the issues raised should be disposed of by formal trial. Before the drastic remedy of injunction is authorized, a proper case must be made out justifying the granting of such relief. No such case has been made out by the plaintiffs.