PAUL H. BELL et al., Plaintiffs, *v.* DAVID SULLIVAN, Individually and as President of Local 32B, Building Service Employees International Union, et al., Defendants.

Supreme Court, Special Term, New York County, June 1, 1944.

*J. Irwin Shapiro* for plaintiffs.

*George Trosk* and *Aaron Benenson* for defendants.

EDER, J. Motion to strike out the separate defense contained in the answer of the defendant Sullivan, upon the ground that it appears on the face thereof that it is insufficient in law, is granted.

This is an action to require the individual defendants to account for all sums of money received by them or which came under their control as officers of the defendant union. The defendant Sullivan pleads as a defense that the constitution and by-laws of the defendant union (Local 32B) and of the international union, with which it is affiliated, provide adequate forums within said organizations for the hearing and redress of the charges alleged in the complaint and that plaintiffs' failure to avail themselves of these remedies precludes them from seeking relief in the courts.

I do not share this viewpoint for the reason that the rule to which the said defendant alludes, and upon which he relies, has, in my opinion, no application to a situation like that present in the case at bar. Such provisions deal with membership status, rights, violations of constitution, by-laws, rules and regulations, and matters pertaining to punishment, basically intra-union affairs. Where, in such matters, there is a procedure for action, decision and ultimate review, prescribed by the constitution or bylaws or other mode adequately adapted toward that end, that procedure must be followed and the member or aggrieved party may not proceed in court in the first instance; he is required to first exhaust his remedies within the association (*Reubel* v. *Lewis*, 182 Misc. 30; *De Stefano* v. *Papa*, 37 N. Y. S. 2d 950); the resort to the internal processes of the organiza-

tion is made a matter of contract for upon becoming a member a party necessarily agrees to be bound by the constitution, by-laws and other rules of the association. Even in such an instance recourse to the prescribed procedure of the association is excused if it is shown or it appears that its invocation would be a futile or useless ceremony. (*Dusing* v. *Nuzzo,* 177 Misc. 35, mod. 263 App. Div. 59.) No case has been called to my attention, nor have I found any, holding that in a situation as that present at bar the complainant is estopped from immediately resorting to a judicial forum for relief and that he must first seek redress within the organization.

In the case at bar I find nothing in article V of the constitution and by-laws of the defendant union, or in any of the other provisions therein relied on, e.g., sections 1 and 8 of article IX, section 1 of article XI, section 3 of article XIV or sections 3 and 4 of article X, of the international constitution, which in any way or manner makes provision for or governs a situation like that present here. Articles V, IX, XI and XIV relate to and deal with punitive measures where a member of the association has been guilty of misconduct in wrongfully taking or retaining money belonging to the international or a union local; '' upon conviction '' he may be punished by reprimand, fine, suspension or expulsion. The other articles deal with the right of appeal.

None of these provisions is adapted toward furnishing the relief sought in this action; nowhere therein is there jurisdiction vesting in any of the association tribunals power to compel an accounting and for the awarding of judgment thereon, or any process or means provided to compel obedience and payment other than punitive impositions. It is very clear that no such state of affairs was anticipated and hence it is not surprising that it is unprovided for.

Assuming, *arguendo,* that under the mentioned articles jurisdiction resides in the organization agencies to direct an accounting and payment under penalty of expulsion, which is the maximum of punishment which can be imposed, it would be wholly unavailing and utterly inadequate, for though this would be the extreme punishment which could be inflicted upon the individual defendants, yet it would not enable plaintiffs to enforce payment; and so, resort to union tribunals would, under the circumstances, be an entirely and wholly futile procedure, so that resort to a court becomes an imperative necessity. There is no other mode by which plaintiffs can obtain adequate relief except by such a suit as this and the employment of coercive

processes for enforcement of the redress which a court of equity might award, as provided for by law.

In the circumstances disclosed, the plaintiffs have the remedy of seeking to punish the individual defendants within the organization for such misconduct and dishonesty, and independently thereof, may seek redress in the courts. The situation may be likened to a case where a bailee or trustee embezzles the funds or property entrusted to his care; he may be prosecuted criminally but it does not follow that the victim must first resort to the criminal courts; he may do so, if he wishes, to have the offender punished, but it is not indispensably obligatory; he may also apply to the civil courts to obtain such relief as the law affords by way of decree for an accounting or a direction to pay back, or a judgment for the sum misappropriated, with the remedies which the law provides for enforcement.

So, here, any application to the agencies within the association would be by way of and akin to a criminal prosecution before the tribunals of the association having jurisdiction; "upon conviction" the sentence to account and pay might be coercive and produce the desired result under the overhanging power of expulsion like the instance of a court directing restitution under the overhanging threat of a sentence to imprisonment if restitution is not made. But in either instance, a failure by the offender to comply would only result in punishment being imposed upon the offender with no actual real benefit to the victim insofar as recovery of the embezzled funds or property is concerned. The only other manner in which the victim can obtain any adequate form of relief, then, is through the civil courts. That is what the plaintiffs have done here. They were under no duty or obligation to seek redress before the union tribunals, which have neither the power nor processes to compel an accounting and for the awarding of judgment thereon, and hence the plaintiffs could, in the first instance, properly institute suit as they have done here.

The defense is stricken out. Settle order.