ISIDORE SCHIMMEL, Individually and as a Member of Waiters and Waitresses Union, Local No. 2, an Unincorporated Association, and on Behalf of all Other Members of Said Union, Similarly Situated, and in the Rights of Said Union, *Appellant*, v. NAT MESSING et al., *Respondents.*— Representative action by a member of a trade union to compel four officials thereof to account for certain funds alleged to belong to said union. Plaintiff appeals from a judgment entered after trial dismissing the complaint. Judgment affirmed, with costs. No opinion. Nolan, P. J., MacCrate and Beldock, JJ., concur; Adel and Wenzel, JJ., dissent and vote to reverse the judgment and to remit the action to the Special Term for the entry of an interlocutory judgment directing defendants to account, with the following memorandum: At a meeting of the union held on November 1, 1949, a written proposal, signed by a number of members thereof, was submitted to the membership for action. The proposal was addressed " To the Officers and Members of Local #2 ". The text is: " We * * * Recommend that we run a Testimonial Dinner, in the name of Local #2 to welcome home our two Brother Business Agents, namely Nat Messing and Eddie Hoffman ". The recorded minutes of the meeting state that this proposal was read to the meeting and that a motion was carried " that Local 2 shall lend the name of Local 2 to the testimonial dinner to be given to our two business agents. Bros. Messing & Hoffman." The dinner was held on February 6, 1950, and in connection therewith a souvenir journal was published. The moneys received through the sale of tickets and of advertisements and greetings published in the journal went into the custody of defendant Hornstein and one Max Geschwind, both members of the union and members of a committee which had been formed for the purpose of the dinner. These moneys, after payment of expenses therefrom, were turned over to defendants Messing and Hoffman for their personal use. Defendant Schimel is joined in the action as president of the union. The contention of plaintiff, in general, is that the dinner was conducted by the union and that the funds belonged to the union. On the other hand, defendants maintain that it was conducted by a group of members and that the union merely allowed its name to be used in connection therewith. In support of their view, defendants adduced testimony of several witnesses to the effect that the motion which was approved at the stated meeting in truth was that the dinner was not to be conducted by the union, but by a group of members or by two certain social clubs, the members of which were also members of the union; that the union was merely to " lend " its name, and that the proceeds were to be given to Messing and Hoffman for their personal use. This evidence may be considered, for the court is not bound by the written minutes

as to what the true action taken at the meeting was. (*Catholic F. M. Society v. Oussani,* 215 N. Y. 1.) However, in view of other documentary proof, we are of opinion that the weight of the evidence favors the version that this was a union project. This proof is that the separate bank account which was maintained by Hornstein and Geschwind for the purpose of the dinner was entitled "Banquet Account, Waiters and Waitresses Union, Local #2"; the journal and the contract forms for advertisements and greetings in the journal stated that the dinner was "Tendered By" the union; the contract form requested that checks be made payable to "Sam Hornstein, Secretary, Local No. 2"; various letters issued in connection with the dinner, which were signed not only by members of the dinner committee but also by the president and the financial secretary of the union, stated that the dinner was being "tendered by" the union. While it may very well be that some of the people who were in one way or another connected with this dinner understood that the money was to be given to Messing and Hoffman, in the absence of more formidable proof that that was the understanding of the members who voted in favor of the motion we are of the opinion that plaintiff's proof established that the money belonged to the union. We are also of the opinion that the action taken by vote at the membership meeting held on June 11, 1951, that is, adoption of a resolution stating in substance that the dinner was not a union project and that it was the understanding of the membership at the meeting of November 1, 1949, that the moneys would not belong to the union but would be given to the stated individuals, was in effect an attempt to annul the rights of minority members, which are contractual. (*Polin v. Kaplan,* 257 N. Y. 277, 281; *O'Keefe v. Local 463 of Assn. of Plumbers,* 277 N. Y. 300, 304.) This should not be countenanced. (*Brownfield v. Simon,* 94 Misc. 720, 726.) Plaintiff had capacity to bring the action. Although the statute (General Associations Law, § 12) permits suit to be brought by the president or the treasurer of an unincorporated association, that is merely an alternative to suit by all the members. Section 195 of the Civil Practice Act is authority for one of the members to sue on behalf of himself and all other members. (*Hogan v. Williams,* 185 Misc. 338; *Tortorella v. Davis,* N. Y. L. J., January 7, 1949, p. 80, col. 5.) Plaintiff may not be denied relief on the ground that he failed to exhaust the remedies provided within the union, for the reason that those remedies are not "ample and complete". (See *Lafond v. Deems,* 81 N. Y. 507, 514; *Bell v. Sullivan,* 183 Misc. 543.) The relief which can be afforded within the union is not comparable to the enforcibility of a judgment.