(36 App. Div. 49.)

NEW YORK BOARD OF FIRE UNDERWRITERS v. WHIPPLE et al.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. ASSOCIATIONS—EVIDENCE—LLOYDS.
   Uncontradicted testimony of one witness that he was attorney and one
   of the members of a Lloyds association, and that it had about 35 members,
   and was not incorporated, sufficiently proves that it is a voluntary unin-
   corporated association, of more than 7 members.

2. SAME—ACTIONS—CHIEF OFFICER.
   The agent of a Lloyds association, with authority from each underwriter
   to receive applications, premiums, proofs of loss, etc.,—the association
   having no president or officers, save the treasurer of the finance commit-
   tee,—was the chief officer, corresponding to treasurer, within Code Civ.
   Proc. § 1919, permitting actions against voluntary unincorporated associa-
   tions of more than seven persons to be brought against their president or
   treasurer.

3. INSURANCE—LLOYDS — ASSESSMENT FOR FIRE PATROL — JOINT AND SEVERAL
   LIABILITY.
   Members of a Lloyds association• are jointly and severally liable for as-
   sessments made on their association under Laws 1867, c. 846, empowering
   the New York board of fire underwriters to assess a proportion of the
   expenses of maintaining the fire patrol on insurance organizations and
   agencies in proportion to the several amounts of premiums received by
   each, though on the policies of the associations the members' liability is
   several.

Appeal from trial term, New York county.

Action by the New York Board of Fire Underwriters against Whip-
ple & Co., as chief executive officers of the New York & Chicago Lloyds.
There was a judgment for defendants, from which, and from an order
denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
McLAUGHLIN, and PATTERSON, JJ.

John Berry, for appellants.
John T. Fenlon, for respondents.

McLAUGHLIN, J. This action was brought to recover a certain as-
sessment levied by the plaintiff on the premiums received by the New
York & Chicago Lloyds for insurance issued in the city of New York
during the six months immediately preceding December 31, 1894.
Laws 1867, c. 846. It was brought against Whipple & Co. upon the
ground that it was the chief executive officer, performing the duties cor-
responding to those of a treasurer, of the New York & Chicago Lloyds,
—a voluntary, unincorporated association. Code Civ. Proc. § 1919.
The defendant interposed a demurrer to the complaint, which was
overruled, and the interlocutory judgment entered was subsequently
affirmed by this court. 2 App. Div. 361, 37 N. Y. Supp. 712. The de-

fendant then answered, and thereafter the parties went to trial.   Upon the trial, at the close of plaintiff's case, the complaint was dismissed and judgment entered to that effect, from which, as well as from an order denying a motion for a new trial, the plaintiff has appealed.   The ruling of the trial judge is sought to be sustained upon the ground that the plaintiff failed to prove the following necessary and material facts:   (1) that the New York & Chicago Lloyds during the time for which the assessment was made was a voluntary, unincorporated association, consisting of more than seven members; (2) that the defendant, Whipple & Co., during the same time was the chief executive officer, performing duties corresponding to those of a treasurer; and (3) that the members of the Lloyds were jointly and severally liable to the plaintiff.

1. The admission contained in the answer, and the uncontradicted testimony offered upon the trial, conclusively establish that the New York & Chicago Lloyds was during the time in question an unincorporated association, composed of more than seven members, engaged in the business of insurance in the city of New York.   The complaint (paragraph 2) charged that such association "is, and was at the times hereinafter mentioned, a voluntary, unincorporated association of underwriters, consisting of more than seven members, engaged in the business of fire insurance within the city of New York."   The answer (paragraph 2) denied the allegations contained in the second paragraph of the complaint, "except that it consists of more than seven members, and is engaged in the business of insuring property within the city of New York."   It might well be contended that a fair construction of this allegation of the answer admitted the allegations of the complaint quoted, but it is unnecessary to determine that question, since that fact was unquestionably established upon the trial.   Plaintiff's witness Fenlon testified (and he was not contradicted) that he was the attorney and counsel, and one of the underwriters, of the New York & Chicago Lloyds, and that it consisted of about 35 members, and was not incorporated.

2. The witness Fenlon also testified that the association had no president, and no treasurer, except one Brown, who was the treasurer of the finance committee.   The treasurer of the finance committee was not a treasurer of the association.   He also testified that the firm of Whipple & Co. was the agent of the association, having written authority from each of the underwriters, and that such firm received applications for insurance, and received all the moneys paid by way of premiums for insurance written; that it received the proofs of loss, and otherwise acted in reference to losses sustained.   This testimony was also uncontradicted, and it was thus made to appear that the firm of Whipple & Co. was in fact the chief executive officer of the association, and performed the duties corresponding to those of a treasurer.   It received the moneys due the association, and clearly was the officer having the chief management of its business.   Such firm was, therefore, the proper defendant, under section 1919 of the Code of Civil Procedure. This section provides that an action or special proceeding may be maintained against the president or treasurer of an unincorporated association, consisting of seven or more persons, to recover any property or

upon any cause of action for or upon which the plaintiff may maintain such action or special proceeding against all the associates by reason of their interest or ownership or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally. Any partnership or other company of persons which has a president or treasurer may be deemed an association, within the meaning of the section. It is of no importance by what name the firm was known, so long as it performed duties corresponding to those of a treasurer or president. The object to be accomplished by the section of the Code referred to is to secure the service of process upon some one so intimately connected with the association that a judgment cannot be obtained without its knowledge. Service upon Whipple & Co. accomplished that purpose, and that firm was properly made a defendant. Hatheway v. Exchange, 31 Hun, 575. To hold otherwise would simply enable an association of this character to prevent an action being commenced against it by failing and neglecting to elect a president and treasurer.

3. It is true, as contended by defendant's counsel, that for a liability sustained under a policy issued by the association each underwriter is only liable individually for a fixed amount, and in no case is liable for the whole or any part of another underwriter's liability; but that liability arises solely by reason of the loss sustained under a policy issued, while here plaintiff's right to recover is given by the statute (Laws 1867, c. 846), and the liability depends upon the amount of premiums received for policies issued. In issuing a policy all the underwriters act together, and their united act is the act of the association. The contract of insurance is a contract of the association, and the premiums received belong to the association. The plaintiff, acting under the statute above referred to, made the assessment in question, and in the manner therein provided, and for the payment of which all the members of the association are jointly and severally liable. It is not necessary to consider the other questions raised, since they were disposed of on the former appeal.

We think the learned trial judge erred in dismissing the complaint, and for that reason judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.