injunctive order can be construed as restraining the continuance of the action in the name of the corporation for the benefit of the receiver. Such a construction would clearly be out of sympathy with the authority of Warehousing Co. v. Badger, above cited. This disposes of the first ground of defendant's motion.

The second ground has been covered in the discussion of the first. The fact that the original complaint was verified by Bullitt, as president, is without importance. This complaint has been superseded by the amended complaint, which was verified by Bullitt, as receiver, who, in his verification, sets forth at length the facts of the receivership in the form of an affidavit. As for the alleged lack of jurisdiction of the subject-matter of the action, it seems to me that the cause of action existed wherever the defendant could be found, and that the service of the summons upon him in this state was sufficient to give the court jurisdiction.

The only remaining point is the alleged insufficiency of the allegations of the amended complaint, and this ground cannot be sustained. The motion to set aside the verdict and for a new trial must be denied.

Motion denied.

---

(33 Misc. Rep. 37.)

THOMPSON et al. v. COLONIAL ASSUR. CO.

(Supreme Court, Special Term, New York County. November, 1900.)

1. INSURANCE—ASSOCIATES' INDIVIDUAL RIGHT TO SUE REINSURERS.
   Where fifteen persons were associated as underwriters, each liable for a stated proportion on all risks, and all outstanding risks were reinsured in another company, one of the fifteen had no individual cause of action against the reinsuring company for the proportion of a risk he had paid, as their contract was with the association, and his individual liability did not give him an individual right as against the reinsurers.

2. INSURANCE—NONCOMPLIANCE WITH STATUTE MATTER OF DEFENSE.
   Where underwriters sued a reinsuring company on risks paid, it was not necessary to set forth in complaint a compliance with Laws 1892, c. 690, §§ 9, 54, 57, imposing certain conditions on the right to do business, as a prerequisite to the right to bring suit, since the failure to comply is a matter of defense.

Action by Joseph W. Thompson and others against the Colonial Assurance Company. Heard on demurrer to complaint. Demurrer sustained.

William B. Ellison, for demurrer.
John Notman, opposed.

BISCHOFF, J. The plaintiffs, as a firm, being associated with 14 other persons, under the name of the "Individual Underwriters at Commercial Lloyd's," seek in this action to enforce the liability of the defendant upon a contract made by it with the association for the reinsurance of its outstanding risks, and the question raised by the demurrer is whether or not the other members of the association are necessary parties plaintiff. There is no room for question that these underwriters constitute an unincorporated association of more than seven persons (Board v. Whipple, 36 App. Div. 49, 55 N. Y. Supp. 188), and, while it is alleged in the complaint that by the policies which

were the subject of the reinsurance each underwriter was liable only in a fixed and stated proportion of the risk, it by no means follows that each could recover from the defendant that stated proportion under the policy of reinsurance, where he, as an individual, had paid the amount upon a loss which fell within the reinsurance, and which the defendant had failed to adjust. The policy issued by the defendant covered all the outstanding policies of this association as such, and the association was entitled to recover upon it; not the individual members, whose rights in any contract made with the association depended upon the settlement of its joint affairs, and the determination of their shares in the proceeds after deducting expenses. McMahon v. Rauhr, 47 N. Y. 67. The restricted individual liability of each underwriter, as set forth in the complaint, is to be taken as applying to the measure of a recovery against him upon a policy which he has subscribed, but in no aspect can this restriction be viewed as giving the underwriter an individual cause of action upon contracts made with the association itself. At the election of the association, it could sue by its president or treasurer (Code, § 1919), or by an agent performing corresponding duties (Board v. Whipple, supra); but otherwise the action must be brought by all the associates, and may not be by one (McMahon v. Rauhr, supra; Habicht v. Pemberton, 4 Sandf. 657). I conclude, therefore, that the demurrer for a defect of parties plaintiff and for insufficiency is well taken upon this ground. I do not think, however, that the complaint is to be held defective upon the further ground urged that these underwriters should set forth their compliance with the provisions of the insurance law (Laws 1892, c. 690, §§ 9, 54, 57), relative to their right to do business, as a condition precedent to their maintaining this action, founded upon an act done in the prosecution of that business. The situation is, I think, analogous to the case of a foreign corporation whose failure to comply with the law restricting its right to do business within the state is held to be a matter of defense, the fact of compliance not being a necessary part of the complaint. Lumber Co. v. Bussell (Sup.) 31 N. Y. Supp. 1107; Nicoll v. Clark, 13 Misc. Rep. 128, 34 N. Y. Supp. 159. For the reasons stated, the demurrer is sustained upon the first and third grounds thereof. Leave to amend upon usual terms.

Demurrer sustained upon first and third grounds thereof, with leave to amend.