(60 App. Div. 325.)

## THOMPSON et al. v. COLONIAL ASSUR. CO.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

CONTRACT OF ASSOCIATION—RIGHT OF MEMBER TO SUE.

Where persons associate themselves to do a fire insurance business, each of them being liable on the policies issued only for his proportionate share of any loss, and then the association enters into a contract of reinsurance, one of such persons cannot sue thereon for his proportionate part of a loss, the contract of reinsurance not being with the individual members of the association.

Appeal from special term, New York county.

Action by Joseph W. Thompson and another against the Colonial Assurance Company. From a judgment sustaining a demurrer to the complaint (68 N. Y. Supp. 143), plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

John Notman, for appellants.

William B. Ellison, for respondent.

McLAUGHLIN, J. The complaint in this action alleges that the plaintiffs, under their firm name of Thompson & Bellows, associated themselves with 14 other persons under the name of the "Individual Underwriters at Commercial Lloyd's," for the purpose of doing a fire insurance business, and as such the association issued and delivered policies of fire insurance to different persons for a certain consideration, in and by which such persons were indemnified against loss by fire to an amount stated in their respective policies, each of the underwriters for himself, and not for the others, being liable for one-fifteenth part of any loss sustained, separately, and not jointly; that, after such policies had been issued, the association entered into a contract with the defendant,—copy of which is annexed to and made a part of the complaint,—in and by which, for the consideration of $25,000, it reinsured the entire liability of the Individual Underwriters at Commercial Lloyd's on all policies in force on the 21st day of December, 1897, to the extent of $250,000. The complaint further alleges that losses for which the individual underwriters had become liable on policies issued by the Individual Underwriters at Commercial Lloyd's, and the plaintiffs' separate liability as one of such underwriters, were the amounts stated in the complaint, which had been paid by the plaintiffs, and which the defendant, under the contract of reinsurance, was liable to pay, for which sum judgment was demanded. The defendant demurred to the complaint upon the grounds: (1) That there was a defect of parties plaintiff, in that the other persons who were associated with the plaintiffs under the name of the Individual Underwriters at Commercial Lloyd's were not made parties plaintiff; (2) that the plaintiffs have not the legal capacity to sue, in that the legal obligation of the defendant, if any, under its agreement, was not to the plaintiffs individually, but to the association known as the "Individual Underwriters at Commercial Lloyd's"; and (3) that the complaint did not state facts sufficient to constitute a cause of ac-

tion. The demurrer was sustained, and from the interlocutory judgment entered the plaintiffs have appealed.

We are of the opinion that the demurrer was properly sustained. The contract of reinsurance made with the defendant, and upon which the plaintiffs predicate their right to recover, was made, not with the individual members composing the association, but with the association itself; that is, with the aggregation of persons doing business as the Individual Underwriters at Commercial Lloyd's. The defendant obligated itself to pay the plaintiffs and their associates jointly, and every member of the association has an interest in whatever sum is paid. It is a joint obligation, and, before the defendant can be compelled to pay, all of the parties interested in the recovery must be before the court. McMahon v. Rauhr, 47 N. Y. 67; Habicht v. Pemberton, 4 Sandf. 657. The rights of the parties under the agreement can neither be increased nor diminished by allegations of the complaint. The contract speaks for itself. It is made a part of the complaint, and, when the allegations of the complaint are read in connection with it, it is obvious that whatever rights the plaintiffs have under it can only be enforced when all of their associates are before the court, and are in a position to participate in the result of the action. Defendant's contract is with the association, and not with the individual members of it.

The judgment appealed from must therefore be affirmed, with costs, with leave, however, to the plaintiffs to amend their complaint on payment of the costs in this court and in the court below. All concur.