(50 Misc. Rep. 348)

## WYATT v. McNAMEE et al.

(Supreme Court, Appellate Term. April 24, 1906.)

INSURANCE—AGENTS—EMPLOYMENT TO SOLICIT LIFE INSURANCE—CONTRACTS —ACTION ON—COMPLAINT—SUFFICIENCY.

Under Insurance Law, Laws 1892, p. 1972, c. 690, § 91, providing that no person shall act as an agent or broker in the solicitation of insurance, or for any policy for any life insurance company doing business in the state, without procuring from the State Superintendent of Insurance a certificate of authority, and Pen. Code, § 577c, making a violation of the

statute a misdemeanor, a complaint in an action against defendants, as general agents of a life insurance company, on an alleged contract of employment as agent to solicit insurance, need not allege that plaintiff had procured from the State Superintendent of Insurance a certificate of authority. Failure to procure such certificate, when relied on as a defense, should be set up in the answer.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Owen E. Wyatt against Frank A. McNamee and others. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Louis H. Porter, for appellant.

Andrew Hamilton, for respondents.

BISCHOFF, J. A demurrer for insufficiency of substance was interposed to this complaint, which contains every element of the statement of a cause of action upon a contract of employment to solicit life insurance, but the demurrer was sustained upon the ground that the plaintiff's case depended upon his alleging, affirmatively, that he had procured from the State Superintendent of Insurance a certificate of authority, without which, the statute declares, "No person shall act as an agent, sub-agent or broker, in the solicitation or procurement of applications for insurance or for any policy of insurance, for any life insurance company doing business in this State" (Insurance Law, Laws 1892, p. 1972, c. 690, § 91); a violation of this statute being also a misdemeanor (Pen. Code, § 577c).

Apart from the fact that the complaint does not state that the company for which, as general agents, the defendants employed the plaintiff was doing business in this state, the demurrer should have been overruled upon the main proposition of law referred to. The cause of action did not grow out of the statute in question. It existed by virtue of general principles of law, and the statute simply restricted the plaintiff's lawful performance of his contract by requiring him to obtain a certificate from a public officer; attempted performance in disregard of the restrictions being a crime. In Crichton v. Columbia Ins. Co., 81 App. Div. 614, 81 N. Y. Supp. 363, a similar question was presented, involving the necessity of the plaintiff's averment that the company had complied with the insurance law, which, in the event of noncompliance, prohibited the plaintiff from soliciting insurance for that company, and the reasoning adopted by the court in favor of the sufficiency of the complaint fully covers the case before us.

The court is not to assume that a party has been guilty of a violation of law where the record does not suggest it, and, the complaint being silent upon the subject, the fact of an existing infirmity in the cause of action, though a statutory restriction such as this, must be set up by answer. See, also, Thompson v. Colonial Assur. Co., 33 Misc. Rep. 37, 68 N. Y. Supp. 143; Id., 60 App. Div. 325, 70 N. Y. Supp. 85.

The judgment must therefore be reversed, and the demurrer overruled, with costs, with leave to the defendant to answer upon payment of all costs within 10 days. All concur.