(52 Misc. Rep. 572)

EPSTEIN v. S. WEISBERGER CO.

(Supreme Court, Appellate Term. February 11, 1907.)

1. CORPORATIONS — FOREIGN CORPORATIONS — ACTIONS — MUNICIPAL COURTS — JURISDICTION.

Under Municipal Court Act, Laws 1902, p. 1489, c. 580, § 1, subd. 18, providing that the jurisdiction of the Municipal Court in the city of New York shall extend to actions against a foreign corporation having an office in the city of New York, jurisdiction is limited to such foreign corporations as have an office there.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2596, 2597.]

2. SAME—PLEADING—COMPLAINT—SUFFICIENCY.

In an action in the Municipal Court against a foreign corporation, the complaint was deficient for containing no allegation that the corporation had an office in the city of New York or transacted business therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2647.]

3. SAME—PLEADING—ANSWER—MATTERS CONSTITUTING DEFENSE.

The defect in the complaint was one that could be taken advantage of by answer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Pleading, § 2647.]

4. SAME—FOREIGN CORPORATIONS—ACTIONS—MUNICIPAL COURT—JURISDICTION —SERVICE OF PROCESS.

Municipal Court Act, Laws 1902, p. 1500, c. 580, § 31, provides that, in an action against a corporation, summons must be served by delivering a copy to the president, etc., but that, when no such officer resides in the

city, it may be served on a director resident therein. *Held* that, where summons in an action against a foreign corporation was served on the president of the defendant, it was sufficient to give the court jurisdiction to proceed in the action; it not appearing that the president was a nonresident of the city.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2611–2614.]

**5. COURTS—MUNICIPAL COURTS—PROCEDURE—APPEAL—DECISIONS REVIEWABLE.**

Where the Municipal Court of the city of New York obtained jurisdiction to proceed in the action, no appeal would lie from a judgment by default.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Isidore Epstein against the S. Weisberger Company, a foreign corporation. Appeal by defendant from a judgment in favor of plaintiff. Appeal dismissed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

George Ryall, for appellant.

George H. Epstein, for respondent.

AMEND, J. The facts in this case are not disputed. On August 27, 1906, a summons was issued out of the Municipal Court against "the S. Weisberger Company," and that, together with a verified complaint, was personally served upon Samuel Weisberger, the president of the defendant corporation, within the city of New York. Upon the return day of such summons, the defendant appeared specially by an attorney who filed an affidavit made by said Weisberger, who testified therein that the defendant was a foreign corporation having its only place of business in the state of Ohio, that it has no office or place of business in the city of New York, and that it had never applied to or received permission from the Secretary of State to do business in this state. This affidavit was evidently designed to traverse the return, although there is no allegation therein that personal service was not made as before stated. The case was adjourned from September 5, 1906, the return day, until September 13, 1906, for what purpose does not appear. Upon the last-named day, the defendant failing to appear, the plaintiff took a judgment against it for the amount claimed in the complaint. On the same day the defendant's attorney made a motion, returnable on September 17, 1906, for an order setting aside the service of the summons, upon substantially the same grounds set forth in the affidavit before mentioned, and, the justice being absent, on that day obtained an order to show cause, returnable on September 18, 1906, asking for the same relief. This motion seems to have been denied. The defendant thereupon appealed from the judgment, and has made and served affidavits upon the respondent setting forth the same facts, substantially, with reference to the status of the defendant in this state, as were contained in the affidavits used upon the motion and hereinbefore referred to, and such affidavits have been handed up upon this appeal.

Section 1, subdivision 18, of the Municipal Court act (Laws 1902, p. 1489, c. 580), provides that the jurisdiction of that court "extends

to actions against   *   *   *   a foreign corporation having an office in the city of New York." It is clear, therefore, that such jurisdiction is limited to such foreign corporations as have an office in the city of New York. Worthington v. London, G. & A. Co., 164 N. Y. 81, 83, 85, 58 N. E. 102. The complaint herein avers that the defendant is a foreign corporation organized under the laws of the state of Ohio, and contains no allegation that it has an office in this city or transacts business therein. It was defective in that respect, and such defect could be taken advantage of by answer. Wyatt v. McNamee, 50 Misc. Rep. 348, 98 N. Y. Supp. 749.

We are constrained to hold that by service of the summons in the manner prescribed by law upon the president of the defendant, it not appearing that he was a nonresident of the city (section 31, Municipal Court Act [Laws 1902, p. 1500, c. 580]), the court below obtained jurisdiction to proceed in the action, and, that being so, the appeal herein having been taken from a judgment entered by default, the same is not appealable. Brown v. Bouse, 43 Misc. Rep. 72, 86 N. Y. Supp. 240. The defendant's remedy is to move to open its default in the court below.

Appeal dismissed, with $10 costs. All concur.