In the Matter of Supplementary Proceedings: JOHN P. SAXER and RAYMOND F. PFEIFFER, Judgment Creditors, *v.* THE DEMOCRATIC COUNTY COMMITTEE OF ERIE COUNTY, Judgment Debtor.

Supreme Court, Erie County, November 9, 1936.

*Aaron & Dautch* [*Howard Aaron* of counsel], for the judgment creditors.

*Killeen & Sweeney* [*James C. Sweeney* of counsel], for the judgment debtor.

MALONEY, J. Edward C. Dethloff and George F. Pfeiffer, individually and as chairman and treasurer respectively of the Democratic county committee of Erie county, move this court for an order vacating, quashing and setting aside subpœnas served herein upon them. The chairman and treasurer aforesaid were duly elected April 8, 1936, at a meeting of the county committee chosen at the primary election held April 2, 1936.

Frank J. Carr and Charles F. Boine were elected respectively chairman and treasurer of the predecessor county committee at a meeting of said committee held following the primary election of September, 1934.

A judgment was obtained and entered and docketed in the office of the clerk of the county of Erie, N. Y., in favor of John P. Saxer and Raymond F. Pfeiffer against the Democratic county committee of Erie county in the sum of $3,319.62 on the 6th day of May, 1936. Service of the summons and complaint was made April 8, 1936, upon Charles F. Boine, treasurer of the Democratic county committee of Erie county prior to the organization meeting of the present county committee. Admittedly the judgment was obtained against the county committee for work, labor, services and materials furnished to the then county committee prior to December 1, 1935. Neither Mr. Dethloff nor Mr. Pfeiffer was an officer of the county committee at the time.

The subpoenas herein are directed to the judgment debtor, The Democratic County Committee of Erie County, in the matter of supplementary proceedings as provided in section 775 of article 45 of the Civil Practice Act, and served upon Edward C. Dethloff and George F. Pfeiffer, directing each of them to appear and be examined on October 22, 1936, before a justice of the Supreme Court at a Special Term of said court held in and for the county of Erie.

The summons and complaint as shown by the judgment roll is entitled as follows: " State of New York, Supreme Court, County of Erie. John P. Saxer and Raymond F. Pfeiffer, Plaintiffs, vs. Frank J. Carr, Chairman, Phillip J. Barr, Secretary, Charles F. Boine, Treasurer, and Daniel J. Sweeney, Chairman of the Board of Governors of the Democratic County Committee of Erie County, and The Democratic County Committee of Erie County, Defendants."

Article 2 of the Election Law, sections 10–17, provides for the creation and existence of party committees of political party organizations. Section 10 defines the membership of such committees and that committee membership shall continue until their successors are chosen as therein provided. Section 13 provides that members of the county committee shall be elected annually at primary elections except that if the rules so provide they may be elected biennially. Section 15 provides the time that officers of a county committee shall be elected.

A county committee created as provided in the Election Law is an unincorporated association. (*Cabana* v. *Carr, etc.*, not officially reported, opinion by LARKIN, J.) An unincorporated association is not a legal entity and has no existence independent of the asso-

ciates who are members. (*Ostrom* v. *Greene*, 161 N. Y. 353, 361.) At common law an unincorporated association cannot maintain an action in its name, but must sue in the names of all the associates as party plaintiff. (*McMahon* v. *Rauhr*, 47 N. Y. 67, 71.) At common law an unincorporated association cannot be sued in its name, but all the associates must be made parties defendant. (*Sander* v. *Edling*, 13 Daly, 238; *Hanke* v. *Cigar Makers' I. U. of A.*, 27 Misc. 529; 5 C. J. 1334, 1365, 1369, §§ 2, 102 and 118.)

Section 12 of the General Associations Law, formerly the Joint Stock Association Law, provides that the president or treasurer of an unincorporated association may maintain an action to recover upon any cause of action for or upon which all the associates may maintain such an action.

Section 13 provides that an action may be sustained against the president or treasurer of an unincorporated association to recover upon any cause of action for or upon which the plaintiff may maintain such action against all the associates.

Sections 12 and 13 aforesaid are the same as former section 1919 of the Code of Civil Procedure except that chapter 609 of the Laws of 1932, effective April 2, 1932, struck out the words " consisting of seven or more members " which were originally contained in section 1919 of the Code, and in the General Associations Law as originally enacted by chapter 915 of the Laws of 1920. Cases decided prior to the enactment of the General Associations Law are authorities on the construction and interpretation of that statute.

The Democratic county committee of Erie county is not and cannot legally be a party defendant. If action be brought as it may be against all of the associates, each of them is a defendant. If action be brought as it may be under section 13 (*supra*), against the president or treasurer of such committee, the defendant is not the committee but is the officer named as such in the summons as the party defendant; in this case the officer served is Charles F. Boine, as treasurer of the Democratic county committee of Erie county. In the instant case it is sought to have an examination of the defendant committee. Where an examination of the defendant was sought before trial as an adverse party in an action brought against the president of an unincorporated association, it was held that only the president may be so examined, and not any of the other officers or any of the associates. (*McGuffin* v. *Dinsmore*, 4 Abb. N. C. 241; *Woods* v. *DeFiganiere*, 1 Robt. [24 N. Y. Super. Ct.] 607.)

" Any question as to the right to take the testimony * * * may be raised by a motion to vacate or modify the notice. * * *

If the taking of the testimony be not authorized by the provisions of Article 29 the court shall vacate the notice." (Civ. Prac. Act, § 291; Wait's Manual on Supplementary Proceedings, etc., pp. 140, 141.)

The subpœnas served upon Messrs. Dethloff and Pfeiffer are directed to the Democratic county committee of Erie county as judgment debtor. The subpœnas are not directed to, nor do they name Mr. Dethloff or Mr. Pfeiffer individually or officially. The subpœnas are invalid and not merely informal or irregular. The legal judgment debtor is Charles F. Boine, as treasurer of the Democratic county committee of Erie county. A subpœna to examine the legal judgment debtor may be legally issued. A subpœna directed to the judgment debtor county committee may not be legally issued and is, therefore, invalid.

The motion to quash, set aside and vacate the subpœnas served on Edward C. Dethloff and George F. Pfeiffer is granted, without costs.