PETER J. HOGAN, as Acting President of PHOTOGRAPHIC & CHEMICAL WORKERS UNION, LOCAL No. 22615, A. F. of L., et al., Plaintiffs, v. FRED WILLIAMS, Individually and as Acting President of PHOTOGRAPHIC WORKERS INDEPENDENT UNION OF BINGHAMTON, N. Y., et al., Defendants.

Supreme Court, Special Term, Broome County, June 15, 1945.

John J. Walsh for plaintiffs.

Paul T. Gorman for Fred Williams and others, defendants.

George G. Coughlin for General Aniline & Film Corporation, defendant.

Deyo, J. This action and the two motions which will be discussed together in this decision stem from a controversy between members of two competing unions made up of the employees of the Ansco Division of the defendant General Aniline & Film Corporation, which appears to have had its origin in a letter dated October 3, 1944, from William Green, President of the American Federation of Labor, directing Local 22615 to apply forthwith for a charter of affiliation with a newly formed international union embracing chemical workers. The defendants other than the bank and the company were the officers of Local 22615 at the time and were opposed to such affiliation. At the same time they feared that if they failed to obey orders, the A. F. of L. might exercise the right which it had under section 3 of article IX of its constitution, and revoke the local's charter, which in turn, would work a forfeiture of its funds and other property to the A. F. of L. (A. F. of L. Const., art. XIII, § 17). These defendants, therefore, formed a new association which will hereafter be called the independent union, in which they also became the officers. Following this, special meetings of the local were called, whereat resolutions were passed donating all of its assets to the independent union, and directing the cancelation of the collective bargaining agreement between the local and the company. Many of the workers followed their officers into the new union and rescinded the authorization previously given the company to deduct union dues from their wages. Other members, including the plaintiffs herein, stayed in the local union and proceeded to elect the plaintiff Hogan as " Acting President ".

This action is now brought, wherein the plaintiffs seek, among other things, a return of the funds and other property of the local union, an accounting therefor and certain injunctive relief.

In connection with the action the plaintiffs presently move for an order restraining the defendants from disposing of the property of the local union, from holding themselves out as officers thereof, from obtaining signatures by false representations, and from interfering with the local union's property rights in the collective bargaining agreement and to compel the defendants to furnish an inventory of the property formerly belonging to the local union.

The defendants, other than the bank and the company, have moved to dismiss the complaint pursuant to rules 106 and 107 of the Rules of Civil Practice (subd. 3) on the grounds that the plaintiffs lack legal capacity to sue.

The cause of action alleged in the complaint clearly belongs to the association and not to any group of individual members. (*Rosenberg* v. *Effrat*, N. Y. L. J., Feb. 5, 1937, p. 625, col. 7; *Thompson* v. *Colonial Assurance Co.*, 33 Misc. 37, affd. 60 App. Div. 325.)

At common law a cause of action belonging to an unincorporated association could be sued or defended only in the names of the individual members thereof. (*McMahon et al.*, v. *Rauhr et al.*, 47 N. Y. 67; *Kirkman* v. *Westchester Newspapers, Inc.*, 261 App. Div. 181, 183, affd. 287 N. Y. 373.) By statute, however, such action may now be maintained by the president or treasurer of the unincorporated association. (General Associations Law, § 12.)

In the complaint in the case at bar both the common law and the statutory requirements for bringing such an action are sought to be met. The plaintiff Hogan sues as " Acting President " of Local 22615, and he and the other plaintiffs sue on behalf of themselves and the other members of the local union similarly situated.

I have reached the conclusion that the plaintiff Hogan had no authority to bring the action in the capacity which he describes as " Acting President." Local 22615 is an unincorporated association, operating under a charter issued by the A. F. of L. This charter, together with the constitution and by-laws constitutes a contract between the A. F. of L. and the local union and as augmented by the local's own constitution and by-laws, governs the conduct of the members among themselves. (*O'Keefe* v. *Local 463 of Assn. of Plumbers*, 277 N. Y. 300, 304; *O'Brien et al.* v. *Grant*, 146 N. Y. 163, 173.) The rules of conduct set forth in these documents constitute the

law of the association, and must be conformed with until regularly and legally changed. (*Ostrom* v. *Greene,* 161 N. Y. 353, 362.) The defendant Williams was duly elected as president of the local union to serve until March 1, 1945, and was entitled to retain that office until that date, unless removed. Methods of removal and suspension are set forth in section 6 of article VI of the constitution of the A. F. of L. and in article VII of the constitution and by-laws of the local. There is no indication that the proceedings therein outlined were ever followed. All that was done in this regard apparently, was to put the matter of their suspension to a vote of certain of the members. This was not a method of suspension recognized by the constitution and by-laws and consequently the defendant Williams continued as president of the local for the balance of his term. It follows, therefore, that the plaintiff Hogan was without any semblance of authority to act in a similar capacity during the same period. Furthermore, it does not appear in connection with Hogan's alleged election, that any attempt was made to comply with articles III and X of the constitution and by-laws of the local which relate to the calling of special meetings and the method of nominating and electing officers.

There is a clear distinction between the case at hand and *Steinmiller* v. *McKeon* (21 N. Y. S. 2d 621, affd. 261 App. Div. 899, affd. 288 N. Y. 508). In that case, the former president of the local union had not only resigned, but had also been suspended, and a new president had been appointed pursuant to the charter provisions, while here nothing of that kind has occurred. Nor is the situation herein presented similar in this regard to that found in *Ostrom* v. *Greene* (*supra*) where the unincorporated association had no rules or by-laws whatsoever and the court held it was within its right in electing and changing its officers whenever it chose to do so. In the case at bar there were rules and the officers, and particularly the president, were elected for a definite term prescribed by the constitution and by-laws, which created a tenure of that office, which could only be destroyed by lawful means.

Since Hogan was neither president nor treasurer at the time the action was brought, he was without legal capacity to sue on behalf of the association under section 12 of the General Associations Law. (*Goller* v. *Stubenhaus,* 77 Misc. 29; *Siegal* v. *Fidelity & Deposit Co.,* N. Y. L. J., April 24, 1937, p. 2050, col. 5.)

The other set of plaintiffs, consisting of nine persons who sue not only as individuals, but also on behalf of themselves and other members of Local 22615 similarly situated, seem to me

to have the legal capacity to act not in their individual capacities, but as representatives of all of the members of the association.

Certainly it cannot be seriously contended that the enactment of section 1919 of the Code of Civil Procedure, the forerunner of section 12 of the General Associations Law, deprived the members of an association from maintaining the action in their own names. (*Schwarcz* v. *International L. A. W. Union,* 68 Misc. 528, 532.) True, all of the members of the association herein involved are not joined, but that is rendered unnecessary under the circumstances by section 195 of the Civil Practice Act which provides: " Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." The complaint, and in any event, the motion papers herein, sufficiently demonstrate that there is both a question of common interest of many persons and that the number of persons who might be made parties are so numerous that it would be impracticable to make them all plaintiffs. Under either of these circumstances the section clearly authorizes less than the whole number to act on behalf of all. (*Taylor* v. *African M. E. Church,* 265 App. Div. 858.) Such appears to be the rule in other jurisdictions, even in the absence of such a statute. (7 C. J. S., Associations, § 35, subd. a, par. [3]; 4 Am. Jur., Associations and Clubs, § 49.) In this State only two cases appear to have arisen where the question was presented as regards labor unions. The language employed in *Steinmiller* v. *McKeon* (*supra*) seems to indicate a similar rule, and in *Cavanagh* v. *Hutcheson* (140 Misc. 178, affd. 236 App. Div. 794) the section was held inapplicable, not because the members of a union were involved, but because of the type of action, damages for conspiracy, thus implying that in actions such as the one at bar, the section could be utilized. In any event, I find nothing which deprives the plaintiffs herein from the benefit of the section, and conclude that they have legal capacity to maintain the action on behalf of themselves and the other members of Local 22615, similarly situated. The defendant's motion to dismiss the complaint will therefore be denied.

Turning now to the plaintiffs' motion for relief *pendente lite,* as has been pointed out, the defendants were the officers of the local union, at least up until the time the motions were argued. Consequently, they had every right to hold themselves out as such officers and injunctive relief in this regard will, therefore, be denied. It also appears that the efforts to have the collective

bargaining agreement terminated came to naught and no directive is therefore necessary on that score. I fail to find that the defendants have been guilty of any false representations and consequently deny injunctive relief in this regard.

All that remains in the plaintiffs' motion is the demand that the defendants be restrained from using the funds and other property of the local union, and that they furnish the plaintiffs with an inventory thereof. I think that it will be conceded that the funds and other property involved belonged, in the first instance at least, to the unincorporated association — the local union — and not to the individual members thereof. Under both the constitutions of the A. F. of L. (art. XIII) and of Local 22615 (art. VI, § 2), these funds were to be used for union purposes only. The defendants admit in their moving papers that these funds and other property were " donated " to the independent union. Whether or not such action on the part of the executive board and of the union itself at the two special meetings of December 12 and 13, 1944, constituted a union purpose, presents a question which can be determined only after a trial. There was no dissolution or attempted dissolution of the local union, and in fact, there could have been none so long as seven members desired to continue. (A. F. of L. Const., art. XIII, § 17.) Under such circumstances the authority of the group which attended the two meetings to act in this regard and the legality of the meetings themselves, are open to question. (*O'Neill* v. *Delaney*, 158 N. Y. S. 665; *Brownfield* v. *Simon*, 94 Misc. 720, affd. 174 App. Div. 872, affd. 225 N. Y. 643; *Steinmiller* v. *McKeon, supra; Horan* v. *Barrett*, N. Y. L. J., June 12, 1936, p. 3009, col. 3.)

In view of these circumstances, it appears to me that this is a proper case for injunctive relief, in order that the funds and other property in litigation may be preserved pending the trial of the questions of law and fact herein presented. I do not feel, however, that either the plaintiffs or the defendants should be given custody and control thereof. Rather, I feel that they should be held in escrow or delivered into court to the credit of the action. The money and other property, if any, in the hands of the defendant First National Bank, and the moneys withheld by the defendant General Aniline & Film Corporation, by virtue of their authorization to deduct dues; should be held by those two corporate bodies pending the outcome of the litigation.

Settle order in accordance with the foregoing at my chambers, Friday, June 22, 1945, at 2:00 P.M.