Wmmjyr C. Hecht, Jr., J.
Defendant Pan American World Airways, Inc., moves pursuant to CPLB 3211 (subd. [a], par. 7) to dismiss the amended complaint for legal insufficiency. This representative class action was commenced on May 26, 1965 for judgment rescinding a collective bargaining agreement which was put into effect on October 24, 1964. The represented class allegedly constitutes flight service employees of defendant Pan American numbering about 3,000 individuals, of whom approximately 2,400 are still in Pan American’s employ. The original complaint was dismissed for failure to allege an offer to return all of the benefits received under the collective bargaining contract sought to be rescinded. The plaintiffs served an amended complaint on the same day the prior decision was rendered, which contains an offer “ to restore all benefits received under the collective bargaining agreement sought to be declared void. ’ ’
Defendant now challenges this new allegation on the grounds that it is insufficient if it offers to return only the benefits received by the five named plaintiffs, or it is sham and frivolous if it offers to return the benefits received by all members of the represented class. CPLR 3211 (subd. [a], par. 7) is the appropriate vehicle for testing both of these assertions (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3024.13; Chicago Dressed Beef Co. v. Gold Medal Packing Corp., 22 A D 2d 1010).
Plaintiff Missler concedes that it was plaintiffs’ intention, in pleading an offer to return “ all ” benefits, to offer to return ‘ ‘ all benefits received by the five named plaintiffs only ’ ’. Plaintiff Missler conceded on oral examination and again in sworn affidavits submitted herein that the named plaintiffs do not have any authority from anyone else to offer to return benefits received under the collective bargaining agreement in issue, which benefits total over 1.5 million dollars.
It is clear that the prior order of this court mandated that plaintiffs plead a bona fide offer to return all benefits received by all affected persons (Missler v. Pan Amer. World Airways, N. Y. L. J., Jan. 26,1966, p. 17, col. 3). Plaintiffs have belatedly come to a realization of this fact and now ask that, notwithstanding their original intention or the language used, the court should treat the amended pleading as offering total restitution. They assert that because this is a class action, they are free to plead any allegation necessary to set forth a good complaint and that they thus can obligate all other affected members of the class to give back valuable benefits already received, notwithstanding the absence of any formal authorization or consent by the balance of the union members affected, and in the face of the *199 conceded impossibility of securing restitution from some 600 persons who are no longer in defendant’s employ and the apparent hostility of at least one third to one half of the union members to the instant suit. Plaintiffs are unable to offer any authority for this novel proposition, the court has not discovered any and plaintiffs’ suggestion is rejected. Plaintiffs’ attempt to analogize this situation to other types of class actions such as taxpayers’ class suits, consumers’ class actions against public utilities and policy holders’ class actions for overcharge of premiums is futile. In the first place, none of the class actions cited involve the assumption of an obligation for all members of the class, but merely involve some claim for benefits on behalf of the other class members. As defendant succinctly notes, no one needs authorization to seek to establish a benefit for another, since the other need not accept the benefit. In the second place, plaintiffs misconceive the nature of the action herein and the scope of their participation in it. The five individual plaintiffs have no standing, simply as individuals, to seek rescission of the collective bargaining agreement. They have an individual interest to the extent that all members of the class may join in suit for rescission and CPLR 1005 provides authority for one of the members to sue on behalf of himself and all members (see Hogan v. Williams, 185 Misc. 338). The ‘ class ” consists of those empowered to ratify a collective bargaining agreement and be bound by such agreement, that is, the union members collectively. According to plaintiffs, ratification must be obtained from a majority of the members of the Fight Service Section of the Air Transport Division of the Transport Workers Union of America, AFL-OIQ (Local 504 TWU). (Defendant disputes this assertion, but for the purposes of this motion the court will accept plaintiffs’ view of the appropriate “ class ”.) Section 12 of the General Associations Law provides an alternative to suit by all union members by permitting suit to be brought by the president or the treasurer of the union. This statutory alternative is unavailable in this case since said officers are charged with participation in the wrongdoing here complained of and are themselves named as defendants herein. Thus, the individual plaintiffs have standing to sue on behalf of themselves and all members of the flight service section of the union (see House v. Schwarts, 18 Misc 2d 21, 37), or, at the very least, so many members of the union as may bind the union by their united action (i.e., 51%). However, rescission is not fractional. It is an all or nothing process in which the union, or all of its members individually, are willing to give back all benefits received under the contract being rescinded. *200 The fact that restitution on the part of certain individual employees or former employees is now impossible does not automatically bar the suit or prevent rescission, since theoretically the union could pledge the credit of its general treasury to the restoration of all benefits received. (But cf. Simons v. Crowley, 112 N. Y. S. 2d 851.)
Undoubtedly, this possibility prompted the court upon the prior motion to observe that a determination as to whether restoration by each affected member of the class is an impossibility and how that will affect the mechanics of any required tender should be left to the trial court. (Missler v. Pan Amer. World Airways, N. Y. L. J., Jan. 26, 1966, p. 17, col. 3, supra.)
Nevertheless, whether speaking on behalf of all the members of the union as collective plaintiffs, or speaking on behalf of the union as an entity, plaintiffs must plead a bona fide offer to restore all benefits. Plaintiffs have conceded that they do not have authorization from the rest of the union members to make such an offer. It is also evident from the evidence submitted, that these plaintiffs do not even have authorization from a sufficient number of union members to purport to act for the union or to bind it to restore all benefits on behalf of its affected members.
Consequently, the motion must be, and is, granted. The plaintiffs have not sought leave to replead, as required by CPLR 3211 (subd. [e]), nor have they “ set forth evidence that could properly be considered on a motion for summary judgment in support of a new pleading.”
CPLR 3211 (subd. [e]) mandates that, “ leave to plead again shall not be granted unless the court is satisfied that the opposing party has good grounds to support his cause of action or defense ”. The plaintiffs have not submitted sufficient evidence to justify the granting of leave to replead and the evidence which has been submitted herein indicates that plaintiffs are incapable of curing the defects noted. Accordingly, no leave to replead is granted.