Joseph F. Hawkins, J.
The respondents move to dismiss the proceeding herein for failing to state a cause of action. The petitioners, individually and as chairman and vice-chairman, respectively, and on behalf of the Town of LaG-range Republican Committee (Town Committee) seek to have the court declare the meeting of the Town Committee held on February 16, 1972, to have been illegally convened and, hence, the election thereat of the respondent, William J. 0 ’Hare, as chairman of said Town Committee to be invalid.
The petitioners further seek to restrain the said William J. O’Hare from so acting. In the order to show cause, dated March 10,1972, which initiated the proceeding, Mr. Justice W. Vincent Gbady, enjoined the said respondent from so acting ‘ ‘ pending the determination of this proceeding.”
The respondents citing, inter alia, Saxer v. Democratic County Committee of Erie County (161 Misc. 35) urge that the Town Committee is not a legal entity and, hence, it must sue in the names of all the members of said committee or, alternatively, join them as party defendants. A reading of Saxer (supra) decided by Special Term, Erie County, in 1936, discloses that it is limited to holding merely that a plaintiff who sues a County Committee as such rather than acquiring jurisdiction under the General Associations Law by naming its president or treasurer may not, subsequently, serve subpoenas on its officers preliminary to supplementary proceedings to collect a judgment.
As for the converse, that is the right of an unincorporated association to sue in its own behalf by its president or treasurer, acting as plaintiff, the Court of Appeals in Kirkman v. West- *919 Chester Newspapers (287 N. Y. 373) held that a labor union, which is an unincorporated association, must now be considered a legal entity and, as such, may maintain an action for libel in its own name.
In any event, for reasons hereinafter more fully discussed, the copetitioner described as the ‘ ‘ Vice-Chairman of the Town of LaGrange Republican Committee ” may commence an action or proceeding under the General Associations Law.
The respondents further allege that since a Town Committee is not a legal entity, it has no power to adopt by-laws winch are not expressly sanctioned by the County Republican Committee and absent such express delegation of power, the court should not entertain jurisdiction for lack of the petitioner having the requisite status. I hold that the Town of LaGrange Republican Committee is governed by the by-laws of both County and Town Committees, save as the latter may be in conflict with the former. In the situation at bar, there does not appear to be such conflict.
Turning to the substance of the dispute, what emerges from the affidavits and briefs are the following significant facts: A meeting of the Town Committee was held on December 15, 1971, which, apparently, was duly called pursuant to the town’s by-laws. All 18 members attended. Both the petitioner, Robert P. Carter, and the respondent, William J. O’Hare, were nominated for the office of chairman. The vote, however, resulted in a deadlock for each received nine votes. As a result of the impasse, it was agreed that the meeting be adjourned until January 5,1972.
At the meeting on January 5, 1972, the deadlock was not broken for each protagonist again received nine votes. The remainder of the electoral business, however, thereafter continued and the copetitioner, James R. Quinn, was elected unanimously as vice-chairman, as were the nominees for the office of treasurer and secretary.
At said latter meeting, the vote again having resulted in a tie-vote for the fourth time, Carter declared himself to be 1 ‘ holdover chairman. ’ ’
Thereafter, there was a subsequent meeting on February 11, 1972, which the petitioners attack as invalid and violative of the express provisions of the Town Committee’s by-laws. The objection seems to be well-founded for irrespective of the adequacy of notice, the Town Committee’s by-laws mandate that a special meeting may be called at the chairman’s discretion, or at the instance of five members; but the call must be by the chairman. *920 At this juncture, however, there was no chairman, per se, for neither Carter nor 0 ’Hare had been lawfully so elected.
There is, however, a legal and very pragmatic solution to the impasse: the status quo is to continue until a meeting is lawfully called pursuant to the town’s by-laws, with due and adequate notice accorded to all members of the Town Committee. Section 5 of the Republican County Committee’s by-laws and article V of the town’s by-laws both provide that the vice-chairman shall act as chairman ‘1 in the event of the absence of the chairman.” I see no authority or warrant either in law or under the by-laws for the outgoing chairman to anoint himself as ‘ ‘ holdover chairman ’ ’. The former Town Committee as well as its officers ceased to function upon the expiration of their respective terms. There, furthermore, seems to be no question but that the vice-chairman and all other officers of the newly elected Town Committee were duly elected at the January 5 meeting.
Politics like nature abhors a vacuum. I find that the Town Committee presently has no chairman. It does, however, have a duly elected vice-chairman, James R. Quinn, who is a copetitioner. However much both protagonists are physically present, I declare them both constructively ‘ ‘ absent ’ ’ thereby making article V operative, i.e., the duly elected vice-chairman is acting chairman and shall enjoy all the rights and privileges attached to said office until he is replaced by a chairman duly elected in conformity with the by-laws of the Town of LaGrange Republican Committee.