■ DOUGLAS E. McOWEN et al., Respondents-Appellants, v DAVID H. BOCCACCIO et al., Doing Business as EMPIRE STATE BUSINESSMEN'S ASSOCIATION, et al., Defendants, and LUMBERMENS MUTUAL CASUALTY Co., Appellant-Respondent. — Order affirmed, without costs. Memorandum: Defendant Lumbermens Mutual Casualty Company (Lumbermens) appeals from so much of an order as granted plaintiffs' motion for certification as a class action and denied its motion for summary judgment. Plaintiffs cross-appeal from that portion of the same order which limited their relief demanded as against Lumbermens to $100,000. Plaintiffs, members of the Empire State Businessmen's Association (ESBA), commenced this action to recover premiums paid to ESBA for group health insurance, which allegedly were converted and appropriated by defendants, certain officers and employees of ESBA. Plaintiffs also sued Lumbermens directly on a blanket position bond, issued to ESBA as the named insured, in which it agreed to indemnify ESBA up to the amount of $100,000 for any loss of money or property it might sustain resulting directly from one or more fraudulent or dishonest acts of an employee. Lumbermens contends that its obligation to indemnify runs only to ESBA, the named insured, and that plaintiffs have no standing to sue it directly on the fidelity bond. This claim is without merit. Members of an association may bring an action on behalf of themselves and all other members of the association. Section 12 of the General Associations Law, providing that an action may be maintained by the president or treasurer of an unincorporated association does not contradict the common-law rule that a representative action may be brought in the names of all of the members of an association. *House v Schwartz* (18 Misc 2d 21) and *Hogan v Williams* (185 Misc 338, affd 270 App Div 789), where suit was brought by individual association members on behalf of themselves and all other members to enforce association rights, are on point, despite contrary assertions by the dissenters, as those cases reiterate the common-law rule: "[General Associations Law, § 12] is merely an alternative to the common-law rule that the action be brought in the name of all the members" *(House v Schwartz, supra,* p 37). "Certainly it cannot be seriously contended that [General Associations Law, § 12] deprived the members of an association from maintaining the action in their own names" *(Hogan v Williams, supra,* p 343). Lumbermens' other contention, and plaintiffs' claim on the cross appeal, are also without merit. All concur, except Simons and Hancock, Jr., JJ., who dissent and vote to reverse and grant summary judgment dismissing the complaint as against defendant Lumbermens, in the following memorandum.

Simons and Hancock, Jr., JJ. (dissenting). We would reverse and grant summary judgment dismissing the complaint against the defendant Lumbermens. Plaintiffs are those members of defendant ESBA who took advantage of their rights as members to purchase Blue Cross and Blue Shield group health coverage through ESBA. They allege that they paid sums of money to ESBA to be applied as premiums to Blue Cross and Blue Shield for certain periods in 1979 and that ESBA breached its agreement with plaintiffs as members to remit said sums to Blue Cross and Blue Shield. In the third and fourth causes of action plaintiffs allege that certain defendants (not defendant Lumbermens), acting fraudulently and in breach of their fiduciary responsibilities, converted the funds paid to ESBA for health coverage premiums. In the fifth cause of action plaintiffs assert a claim for indemnity directly (not as third-

party beneficiaries) against Lumbermens based on the fidelity bond issued by it to ESBA as the insured "to *indemnify the Insured against* any loss of money or other property which the *Insured* shall sustain through any fraudulent or dishonest act or acts committed by any of the Employees" (emphasis added). Plaintiffs have no cause of action against Lumbermens on the fidelity bond. The defendant ESBA as an entity is the insured and the bond was issued to cover any loss of money or property which the insured shall sustain through the dishonesty of its employees. Plaintiffs, who have paid ESBA for health insurance, are not the insured and have no contractual relationship with Lumbermens. The bond does not insure against liability asserted by a third party and the obligation of Lumbermens to indemnify ESBA for its losses is not dependent upon the recovery against ESBA of a third-party claim (see *175 East 74th Corp. v Hartford Acc. & Ind. Co.,* 51 NY2d 585). That plaintiffs as members of ESBA might assert a cause of action against Lumbermens on behalf of the association as the insured for whatever employee defalcation it could establish is irrelevant. No such claim is asserted. Plaintiffs do not purport to sue on behalf of the association or on behalf of the entire membership; on the contrary, they have sued the association as a defendant for their individual losses as those members who have paid money to it for premiums. The cases cited in the majority memorandum *(House v Schwartz,* 18 Misc 2d 21; *Hogan v Williams,* 185 Misc 338, affd 270 App Div 789) are not in point, since they involve claims brought by association members to *enforce association rights.* It is noted that by permitting plaintiffs to sue the bonding company directly, plaintiffs as creditors with claims against ESBA for payment of health insurance premiums are given in effect a preference over ESBA's other creditors. (Appeals from order of Erie Supreme Court — class action, summary judgment.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.