OPINION OF THE COURT
Michael D. Stallman, J.
Defendant moves for summary judgment dismissing the complaint. At issue are unusual questions of capacity and standing: Who may commence suit in the name of an unincorpo *503 rated association that lacks a president or treasurer? When may suit be brought in the association’s name?
PACTS
Plaintiff Locke Associates, Inc. is a public relations firm; Hugh Locke is its principal. The Committee for the '95 World Conference On Women, also named as a plaintiff, is an unincorporated association. Defendant is a foundation[1] that engages in fundraising and other activity on behalf of the United Nations. The endorsed complaint demands $23,000 for breach of contract, conversion and unjust enrichment. Defendant seeks dismissal, asserting that the Committee lacks capacity to sue.[2]
Locke asserts that the Committee was established to formalize the publicity and fundraising work that Locke Associates had begun in support of the Fourth United Nations World Conference On Women, held in Beijing, China, in 1995, and to aid the work of Patsy Robertson, a media advisor. Locke alleges that the Committee used the Foundation as a depository for funds raised, because the Foundation had tax-exempt status. Defendant agrees that the Committee was created to promote the conference, but asserts that it was designed to raise money on behalf of defendant. Locke seeks reimbursement for fees and expenses on behalf of plaintiffs.
Locke asserts that he is the founder and executive director of the Committee, and that he designated Elizabeth Kummerfeld as honorary chair. Kummerfeld asserts that she is the chair, not the honorary chair, and that Locke, a nonmember of the Committee, was merely providing services. Locke contends that, by title and function, he was empowered to sue, and, further, that the Committee’s membership either delegated that power to him or ratified his action. Kummerfeld claims that, as chair, only she was empowered to sue on behalf of the Committee, and that she did not authorize Locke or anyone else to sue.
I
Unincorporated associations are voluntary congregate entities, which have legal capacity to sue. (See, Community Bd. 7 v *504 Schaffer, 84 NY2d 148.) General Associations Law § 12 authorizes the president or the treasurer to commence an action or special proceeding on behalf of the association.[3]
It is undisputed that the Committee has no president or treasurer. Defendant argues that when an unincorporated association lacks a president or treasurer, authority to commence suit lies with its chair, and that absent prior authorization by the chair, no other individual may act on behalf of the association, relying on Matter of Pasch (Chemoleum Corp.) (26 Misc 2d 918, affd 13 AD2d 470 [1st Dept], rearg denied 13 AD2d 623, lv granted 9 NY2d 965). Also relying on Pasch, Locke contends that, in the absence of a president or treasurer, the chief executive officer of an association may bring an action; Locke claims that, as the executive director, he was the chief executive officer and thus empowered to sue on behalf of the Committee.
In Pasch (supra) the subject association had a chairman but neither a president nor a treasurer. Unlike the instant case, Pasch presented no dispute respecting the identity or duties of the chair. In Pasch, it was clear from the papers before the court that the chair was the presiding officer and discharged the functions ordinarily performed by a president. Holding the chair to be the chief executive based on the facts before it, the court summarily denied the motion to dismiss.
Because the statute specifically designates the president or treasurer as the individuals who may commence suit on behalf of the group, it recognizes that the association may have substantive claims that can be the basis of a suit: the association may have monetary claims against its own members; its members, because of their joint or common interest as members, may have causes of action. (General Associations Law § 12.) Thus, the specification of the president and treasurer should not be read as denying a right of action to an association lacking officers bearing such titles. Rather, it should be understood as permitting a president or treasurer, or an officer who is the functional equivalent, to sue on behalf of the organization without the need to join the individual members as plaintiffs. Otherwise, an association and its membership would be left without recourse if damaged by anyone, member or nonmember.
*505 The statutory designation of president and treasurer as representative parties thus facilitates the group’s ability to obtain redress. It does not abridge the common-law right of members of an association to bring a representative action in the name of all of its members on their behalf. (See, McOwen v Boccaccio, 79 AD2d 1098 [4th Dept] [class action certification upheld]; House v Schwartz, 18 Misc 2d 21; Hogan v Williams, 185 Misc 338, affd 270 App Div 789 [individual members permitted to sue on behalf of all members].)
When an association has a president or treasurer, title alone is statutorily determinative. The court need not inquire into their specific functions, or whether they are appropriate representative parties. Where there is no president or treasurer, the court must examine the organization’s structure to determine if the person who commenced the action is an elected or de facto officer performing equivalent functions and responsibilities. (See, Carter v O’Hare, 69 Misc 2d 917 [vice-chairman of committee of political party].) Thus, Kummerfeld’s title (chair or honorary chair) is not ipso facto dispositive. Conversely, Locke’s daily duties alone are not necessarily determinative. Although Locke claims to have "run” the Committee, that does not mean that he was its chief executive officer and thereby statutorily authorized to commence suit on behalf of the Committee. An employee or independent contractor may exercise managerial authority equivalent to an executive director or chief operating officer, but that does not make such a person the chief executive, particularly if he or she is not a member of the association or must answer to an elected officer or board.
II
It is contextually clear that the statutorily designated officer is empowered to sue in order to vindicate the group’s rights, and may not use his or her title, or the organization’s name, as a means of promoting his or her private interest. (See, McOwen v Boccaccio, supra [dissenting mem].) Thus, for the association to be named as a plaintiff, the substantive claims asserted must belong to the association or all of its members because of their membership. This is essentially a question of standing, i.e., whether the association itself has a genuine stake in the outcome. (See, Community Bd. 7 v Schaffer, 84 NY2d 148, supra; Bartley v Walentas, 78 AD2d 310 [1st Dept] [tenants’ association not proper party plaintiff in action alleging breach of warranty of habitability]; see generally, CPLR 1002 [a]; see also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, *506 Book 7B, CPLR C3211:13 [analyzing such a lack of capacity objection as essentially a failure to state a cause of action].)
The nature of the claim may thus reveal that someone other than the association is the real party in interest. In that case, the association would not be a proper party plaintiff — not because it lacks legal capacity to sue, but because it lacks standing. Consequently, even if an individual might have statutory or common-law capacity to bring an action on behalf of an association, he or she would not be permitted to sue in the group’s name or purport to act in a representative capacity in a personal matter.
CONCLUSION
Summary determination is inappropriate here. Neither side has presented any document evidencing the Committee’s structure nor its officers’ status or function (e.g., bylaws, minutes, resolutions). Neither side has submitted a written contract, nor clearly set forth the terms of any contract, or indeed, of the relationship and responsibilities of the parties. Although the complaint seeks recovery on behalf of both plaintiffs for all causes of action, it is not clear whether Locke, Locke Associates, the Committee or any combination of them, earned the alleged fees or incurred the alleged expenses. It' is not clear who were, or are now, members of the Committee, and whether Locke ever was a member. Indeed, it is not clear if the Committee was ever a genuine, functioning, independent organization with a participating membership.
Triable factual questions are presented respecting, inter alia, Locke’s relationship with the Committee and whether he was empowered to commence suit on its behalf, and whether the Committee has a substantive claim against the defendant.
These specific issues are inseparable from the substantive contract issues; each will involve the same testimony and documentary evidence, if any, and will pose the same credibility considerations. Although the issues of capacity and standing must be resolved as threshold issues before the trial court can decide the substantive claims contained in the complaint, they should not be tried separately, either in a hearing on this motion or at trial, because that would require the court to hear the same evidence twice. (See, CPLR 3212 [c]; see gener *507 ally, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2218:2.)
Accordingly, defendant’s motion for summary judgment dismissing the complaint is denied.

. The pleadings do not allege the nature of the defendant Foundation. The court cannot determine from the written papers whether the Foundation is a not-for-profit corporation, unincorporated association or other entity.

. On the return date, without objection, plaintiffs withdrew their cross motion to substitute Hugh Locke as a plaintiff, instead of the Committee, and submitted the supporting papers as opposition to the motion in chief.

. Such an action should be brought in the name of the officer as a representative of the association, rather than in the name of the association only. Where, as here, the defect is nonprejudicial, it is not fatal, and can be corrected. (See, Matter of Stephentown Concerned, Citizens v Herrick, 223 AD2d 862, 864, n 2 [3d Dept].)